**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

| | |
|---|---|
| **FOSTER,** | **CASE NO.:    4:11-cv-00118-SEB-WGH** |
| **Plaintiff,** | |
| **vs.** | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND** |
| **W-TRANSFER, INC., ET AL.,** | |
| **Defendants.** | |
| **FOSTER,** | **Allotta, Farley & Widman Co. LPA** |
| | **Elijah D. Baccus (# 29609-02)** |
| | **2222 Centennial Road** |
| | **Toledo, Ohio  43617** |
| | **Ph.: (419) 535-0075** |
| | **Fax: (419) 535-1935** |
| | **ebaccus@afwlaw.com** |
| | **Attorney for Plaintiff** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

I.   INTRODUCTION

Plaintiff, a former employee of Defendant W-Transfer, and a former leased employee of Defendants Ace Management, Inc. and MAC Construction & Excavating, Inc., filed a two count Complaint against his former employers and Chad Unruh (collectively "Defendants"). Plaintiff's first count is for violations of Indiana's Wage Payment Statute. This count is predicated Defendants' failure to pay the proper wage set for contracts covered by Indiana's Common Construction Wage Act ("CCWA") and the Davis-Bacon Act ("DBA"). Plaintiff's second count alleges conversion. This count is predicated on Defendants' exertion of control over a

particular sum of money due to Plaintiff, over which Defendants exercised unauthorized conversion into corporate and personal profit.

## II. LEGAL ARGUMENT

A plaintiff may challenge removal for either procedural defects or for the absence of subject matter jurisdiction. 28 U.S.C. § 1447(c); *In re Continental Casualty Co.*, 29 F.3d 292, 293 (7th Cir. 1994). The Court shall remand a case where jurisdiction is lacking. 28 U.S.C. § 1447(c). Although a plaintiff cannot deny defendants their right to a federal forum by disguising a federal law claim in terms of state law, *Sluder v. United Mine Workers*, 892 F.2d 549 (7th Cir. 1989), "a suit arises under the law that creates the cause of action," *American Well Works Co., v. Layne Bowler Co.*, 241 U.S. 257, 260 (1916). Federal question jurisdiction is determined by the well-pleaded complaint rule—"jurisdiction only exists where the federal question appears on the face of the plaintiff's properly pleaded complaint," *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), or where plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 809 (1988).

"Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law 'only when the plaintiff's statements of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49 (2009) *citing Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal jurisdiction does not exist when the only contested issue in the case is a federal defense when the complaint does not state a federal claim. *See City of Chicago v. Comcast Cable Holdings, L.L.C.*, 384 F.3d 901, 904 (7th Cir. 2004). The well-pleaded complaint rule allows the plaintiff to control litigation by avoiding federal jurisdiction through exclusive reliance on state law. *Caterpillar Inc.*, 482 U.S. at 392. Federal question jurisdiction does not arise merely because the facts alleged in support of an

asserted state claim also support a federal claim. *Id.*

Plaintiff, in the instant case, filed his Complaint alleging violations of Indiana's Wage Payment Statute. See Plaintiff's Complaint, Count One. Plaintiff alleged Defendants failed to pay the minimum wages set for various state and federal projects. See Pl. Comp., ¶¶12-20. Plaintiff must prove the amount Defendants owe him to prove this claim. See I.C. § 22-2-5-1. The wage determinations, both CCWA and DBA, establish the wages Plaintiff should have been paid for work on the contracts. The amount of money Defendants owe Plaintiff is determined by subtracting the amount of wages Plaintiff received for work on the contracts from the wage Plaintiff should have received. This claim does not require any interpretation of federal law since Plaintiff only needs to prove he was not paid the wages required to be paid. Defendant is free to raise, as a defense, payment of particular fringe benefits[1] under DBA are subtracted from the wages owed to Plaintiff, but a federal defense does not give rise to federal question jurisdiction. *City of Chicago,* 384 F.3d at 904. Therefore, under the well-pleaded complaint rule, Plaintiff's Complaint does not, on its face, establish federal question jurisdiction. *Caterpillar Inc.*, 482 U.S. at 392.

III. CONCULSION

This Court lacks subject matter jurisdiction over the instant case as all claims alleged against Defendants arise under the law of the State of Indiana. *American Well Workers Co.*, 241 U.S. at 260, and all parties are residents of the State of Indiana. Therefore, this case must be remanded. 28 U.S.C. § 1447(c).

Respectfully submitted,

*/s/ Elijah D. Baccus*
Elijah D. Baccus (# 29609-02)

---

[1] Plaintiff does not concede Defendants paid him any fringe benefits for work on the contracts or otherwise.

**CERTIFICATION**

I hereby certify that I electronically filed the foregoing Memorandum in Support of Plaintiff's Motion to Remand with the Clerk of Courts using the CM/ECF system on November 14, 2011. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

George D. Adams
Fisher & Phillips LLP
2000 LG&E Center
220 West Main St.
Louisville, Kentucky 40202
gadams@laborlawyers.com

*/s/ Elijah D. Baccus*
Elijah D. Baccus (# 29609-02)