IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| **FOSTER,**<br><br>          **Plaintiff,**<br><br>vs.<br><br>**W-TRANSFER, INC., ET AL.,**<br><br>          **Defendants.** | CASE NO.:    4:11-cv-00118-SEB-WGH<br><br>Judge Barker<br>Magistrate Judge Hussmann<br><br>**<u>PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND</u>**<br><br>**Allotta, Farley & Widman Co. LPA**<br><br>**Elijah D. Baccus (#29609-02)**<br>**2222 Centennial Road**<br>**Toledo, Ohio  43617**<br>**Ph.: (419) 535-0075**<br>**Fax: (419) 535-1935**<br>ebaccus@afwlaw.com<br>**Attorney for Plaintiff** |

      This Court does not have subject matter jurisdiction over Plaintiff's state law claims because the claims do not arise under federal question jurisdiction. Defendants have cited *McDaniel v. University of Chicago*, 512 F.2d 583 (7th Cir. 1975), as standing for a proposition which is not supported by the decision, and have attempted to determine what is necessary for Plaintiff to prove his case. However, *McDaniel* recognized plaintiffs could enforce a contractor's obligation to pay the wage determination set forth in a contractor's contract through state law claims. Additionally, Plaintiff does not need to prove the project was covered by the Davis-Bacon Act (the "DBA") in order to prevail on his claims. Plaintiff can prove his claim by establishing Defendants contracted to pay the Davis-Bacon wage determination regardless of whether the DBA applies to the project. Therefore, Plaintiff's claim does not give rise to federal question jurisdiction and this case must be remanded.

1

**A. The Seventh Circuit held a claim for DBA wages establishes federal question jurisdiction, but this holding applies to an implied right of action within the DBA and does not apply to state law claims.**

Defendants have correctly noted *McDaniel v. University of Chicago* does state that enforcement of the DBA confers federal jurisdiction when the plaintiff asserts a federal cause of action. 512 F.2d 583, 587 (7th Cir. 1975). However, one key distinction Defendants failed to mention to this Court is *McDaniel* established new law for an implied right of action under the DBA. *Id.* The U.S. Supreme Court granted certiorari, vacated judgment, and remanded the case back to the Court of Appeals in light of two recent decisions regarding implied rights of action. *University of Chicago v. McDaniel*, 423 U.S. 810 (1975). On remand, the Seventh Circuit affirmed its decision that the DBA contained an implied right of action[2]. *McDaniel v. University of Chicago*, 548 F.2d 689 (1977).

Another key distinction Defendants failed to mention regarding *McDaniel* and *LaCross* is that in both cases the plaintiffs filed federal claims in federal court. *See McDaniel v. University of Chicago*, 512 F.2d 583, 587 (7th Cir. 1975); *see also Local Division 519, Amalgamated Transit Union, AFL-CIO v. LaCrosse Municipal Transit Utility*, 585 F.2d 1340, 1350 (7th Cir. 1978). In *McDaniel* the Seventh Circuit recognized contractual liabilities created by the DBA could be enforced through state causes of action. 512 F.2d at 586. The Court concluded "that it may well be recognition that wage-earners have or may have rights of action under the contractual provisions required by s 276a which *may be enforced in state court actions* or federal court actions where jurisdiction is properly based.[3]" Id. at 587 (emphasis added). In the case at bar, Plaintiff has not filed any federal claims against Defendants, but Defendants are attempting to deprive Plaintiff of his ability to avoid federal jurisdiction by relying exclusively on state law claims. *Contra Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

---

[2] The existence of a federal implied right of action was also the issue in *Local Division 519, Amalgamated Transit Union, AFL-CIO v. LaCrosse Municipal Transit Utility*, 585 F.2d 1340, 1350 (7th Cir. 1978).

[3] "The Miller Act's grant of subject matter jurisdiction, while underlying the right of action referred to in 40 U.S.C. s 276a-2(b) (Davis-Bacon), is 'inseparably linked' to the statutory remedy of an action on the payment bond and thus cannot provide jurisdiction over a cause of action arising from the contractual commitment to pay "prevailing" wages imposed by s 276a(a)." *McDaniel v. University of Chicago*, 512 F.2d 583, FN2 (7th Cir. 1975).

B.  **The traditional "arises under" analysis does not confirm federal question jurisdiction over this action.**

Defendants' argument consistently attempts to control Plaintiff's Complaint by setting forth exacting requirements of what Plaintiff will need to prove in order to prevail. However, the U.S. Supreme Court has recognized plaintiffs are the masters of their Complaints. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendants argue the question Plaintiff must answer is: "Did Plaintiff perform work covered by the Davis-Bacon Act?" Defendants' Response to Plaintiff's Motion to Remand, pg. 2. An affirmative answer to this question necessarily implies this Court has jurisdiction. Essentially, Defendant is urging this Court to accept jurisdiction over a case to determine if the Court has jurisdiction. If persuaded by this logic, then plaintiffs will be able to file suit under 28 U.S.C. § 1331 to determine whether the parties are diverse or whether the amount in controversy satisfies 28 U.S.C. § 1332. Defendant's argument is contrary to the accepted practice of federal jurisprudence. Jurisdiction is not a substantial question of federal law, it is a threshold question.

To satisfy Plaintiff's burden under Indiana's Wage Payment Statute, I.C. § **22-2-5** *et seq.*, Plaintiff must establish (1) Defendants were obligated to pay him a particular wage, (2) Defendants failed to pay him the particular wage, (3) the underpayment was caused by Defendants, and (4) Plaintiff suffered damages as a result. Establishing the project was funded with more than $2,000.00 in federal funds is not a necessary element of Plaintiff's claim. As the *McDaniel* Court noted, this is essentially a breach of contract claim. *See* 512 F.2d at 586. Plaintiff does not have to prove he performed work covered by the DBA to satisfy his claim. Plaintiff can prove his claim by establishing Defendants signed a contract to pay their laborers and workmen in accordance with the DBA wage determination. The applicability of the DBA to the project is irrelevant if Defendants

contracted to pay rates in accordance with the DBA wage determination. How could interpretation of a substantial question of federal law be a necessary element of Plaintiff's cause of action, when Plaintiff can prove his claim without reference to the federal statute at all?

## C. Conclusion

The McDaniel Court recognized plaintiffs could enforce the contractual obligations of government contractors created by the DBA through state law claims. By arguing otherwise, Defendants are trying to be the master of Plaintiff's Complaint by changing Plaintiff's state claims into federal claims. *Contra Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Further, the issue of the projects' coverage by the DBA is not a necessary element of the Plaintiff's cause of action, because Plaintiff can prove Defendants contracted to pay the DBA wage determination regardless of coverage. Therefore, this Court lacks subject matter jurisdiction over the instant case and must remand.

Respectfully Submitted,

*/s/Elijah D. Baccus*
Elijah D. Baccus (# 29609-02)

## CERTIFICATION

  I hereby certify that I electronically filed the foregoing Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Remand with the Clerk of Courts using the CM/ECF system on November 29, 2011. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

George D. Adams
Fisher & Phillips LLP
2000 LG&E Center
220 West Main St.
Louisville, Kentucky 40202
gadams@laborlawyers.com

                     */s/Elijah D. Baccus*
                     Elijah D. Baccus (# 29609-02)