UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| BRIAN FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:11-cv-118-SEB-WGH |
| | ) | |
| W-TRANSFER, INC., ACE | ) | |
| MANAGEMENT SERVICES, INC., MAC | ) | |
| CONSTRUCTION & EXCAVATING, | ) | |
| INC., CHAD M. UNRUH, UNKNOWN | ) | |
| DEFENDANTS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

This cause is before the Court on Defendants' Motion for Partial Judgment on the Pleadings [Docket No. 13], filed on November 23, 2011, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff Brian Foster brings this claim against Defendants W-Transfer, Inc. ("W-Transfer"), Ace Management Services, Inc. ("Ace"), Mac Construction & Excavating, Inc. ("MAC"), Chad M. Unruh ("Unruh"), and Unknown Defendants, alleging that they violated Indiana's Wage Payment Statute ("WPS"), IND. CODE § 22-2-5-1, by withholding wages and fringe benefits to which he was entitled by Indiana's Common Construction Wage Act ("CCWA"), IND. CODE § 5-16-7 *et seq.*, and the Davis-Bacon Act ("DBA"), 40 U.S.C.§ 3141 *et seq.*, and also

converted those wages and benefits in violation of Indiana Code § 35-43-4-3. Plaintiff seeks relief under Indiana's Crime Victim Relief Act ("CVRA"), IND. CODE § 34-24-3-1.

For the reasons detailed in this entry, we GRANT Defendants' motion for judgment on the pleadings.

## Factual Background

Plaintiff is a teamster and resident of Pekin, Indiana. Compl. ¶ 1. W-Transfer is a private trucking corporation based in Jeffersonville, Indiana. Ans. ¶ 2. Ace and MAC are privately held corporations based in New Albany, Indiana. W-Transfer, Ace, and MAC are all wholly owned subsidiaries of Unruh Unlimited, Inc. [Docket No. 4]. Defendant Chad Unruh is an officer of W-Transfer. Ans. at 13.

From January 1, 2009 to August 31, 2011, Plaintiff was an at-will employee of W-Transfer. Compl. ¶ 11. Plaintiff alleges that W-Transfer occasionally leases its employees to Ace and MAC to work on various public works contracts, some of which are governed by the CCWA and the DBA. *Id.* ¶ 9. For contracts covered by the CCWA, the Wage Committee (the "Committee")[1] determines the wages and fringe benefits for skilled teamsters. *Id.* ¶¶ 12-15. Likewise, for contracts covered by the DBA, the United States Department of Labor ("DOL") determines the wages and fringe benefits for Group 9 Teamsters. *Id.* ¶¶ 16-19. Employers who engage in these contracts are required to

---

[1] The Committee is a five member body appointed by the local legislature of the county for "[t]he purpose of ascertaining what the common construction wage is in the county." IND. CODE § 5-16-7-1(b). This wage determination then "applies to any contract for which the awarding government agency lets not later than three (3) months after the date the committee determines the rate of wages." *Id.* § 5-16-7-1(d).

adhere to the Wage Determinations set for payment of employees. IND. CODE § 5-16-7-1 *et seq.*

Plaintiff alleges that during the period of his employment at W-Transfer, he worked on various contracts covered by both the CCWA and the DBA and was paid between $15.50 and $17.00 per hour by W-Transfer. He further alleges that Corporate Defendants paid him substantially less in wages and fringe benefits than the mandatory rate set by either the Committee or the DOL in violation of the WPS (Count 1). Compl. ¶¶ 21-25. Additionally, Plaintiff asserts that this retention of wages constitutes a criminal conversion by W-Transfer, Ace, MAC, Unruh, and Unknown Defendants (Count 2). *Id.* ¶ 29.

Plaintiff filed his suit in Clark Circuit Court on October 12, 2011. On the same date, Defendants removed the action to this court. Defendants' filed their Answer to Plaintiff's Complaint on October 19, 2011. Defendants filed this motion for Partial Judgment on the Pleadings on November 23, 2011.

## Legal Analysis

### I. Standard of Review

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment after the pleadings are closed but early enough not to delay trial. *Remy, Inc. v. Tecnomatic, S.p.A.*, 2010 WL 4174594, at *2 (S.D. Ind. Oct. 18, 2010). A motion for judgment on the pleadings is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *Id.* (citing *Cuatle v. Torres*, 2010 WL 2545627, at *1 (S.D. Ind. June 15,

2010)).  This analysis necessarily implicates Rule 8(a), which prescribes the contents of pleadings.  Fed. R. Civ. P. 8(a); *see Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (requiring a "short and plain statement" to demonstrate the pleader's entitlement to relief).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Similarly, a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Greater Indianapolis Chapter of N.A.A.C.P. v. Ballard*, 741 F. Supp. 2d 925, 930 (S.D. Ind. 2010).  But where the properly pled facts do not permit the court to infer "more than the mere possibility of misconduct," the pleader has not satisfied his burden.  *Id.* at 931 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)).

If, on a motion for judgment on the pleadings, the parties present matters outside the pleadings, the motion will be treated as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).  However, judicially noticed documents such as "historical documents, documents contained in the public record, and reports of administrative bodies" may be considered by the court at this stage of litigation without converting the motion into a motion for summary judgment.  *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).  All uncontested allegations to which the

parties had an opportunity to respond must be accepted as true. *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991).

## II.  Claim for Withheld Wages and Fringe Benefits

Under Indiana's Wage Payment Statute, an employer-employee relationship is a prerequisite for any claim for unpaid wages. *Black v. Employee Solutions, Inc.*, 725 N.E.2d 138, 141 (Ind. Ct. App. 2000). There is no dispute that W-Transfer was Plaintiff's employer; however, Defendants contend that at no time did Ace, MAC, Unruh, or Unknown Defendants employ plaintiff for projects covered by the CCWA or DBA. The WPS does not define the term "employer"; therefore, its meaning must be found as a term of art at common law. *Mortgage Consultants, Inc. v. Mahoney,* 655 N.E.2d 493, 495 (Ind. 1995). The employer's "right to control" a hired party is the primary consideration in determining the existence of an employment relationship. *Black*, 725 N.E.2d at 143. In order for a claim under the WPS to rise to a level of plausibility, a plaintiff must plead sufficient facts to "allow the Court to draw the reasonable inference that [the Defendants] had the right to control a variety of aspects relating to the Plaintiff['s] job[] and that [they] denied the Plaintiff[] the right to receive [his] wages in a timely fashion." *Puma v. Hall*, 2009 WL 5068629, at *3 (S.D. Ind. Dec. 17, 2009) (citations omitted).

Here, we find that Plaintiff has omitted from his complaint certain factual allegations that are necessary to allow us to know or to draw a reasonable inference that Ace and MAC were his employers. First, although the Complaint alleges that W-Transfer at times leased employees to Ace and MAC, it fails to allege that the Plaintiff himself was leased to either Ace or MAC by W-Transfer. Simply because W-Transfer has a practice

of leasing employees to Ace and MAC does not give rise to the reasonable assumption that Plaintiff numbered among them. Second, Plaintiff has no facts to support the claim that the projects on which he worked involved Corporate Defendants other than W-Transfer. Plaintiff must not only assert that he himself was leased, but also that the company to whom he was leased was contracting for a project covered by the CCWA or DBA. Accordingly, we find that Plaintiff has failed to properly allege a necessary element of his wage claims against Ace and MAC, but because these defects are factual, they are curable. *Iqbal*, 129 S.Ct.at 1949. Thus, Plaintiff's claims against Ace and MAC brought pursuant to the Wage Payment Statue shall be DISMISSED WITHOUT PREJUDICE.[2]

      We next address the plausibility of Plaintiff's claims against Unruh as an officer of W-Transfer. Under Indiana law, the liability of corporate officers is determined by the common law rules of agency. *Indiana Dept. of Transp. v. McEmery*, 737 N.E.2d 799, 802 (Ind. Ct. App. 2000) (citing *Winkler v. V. G. Reed & Sons, Inc.,* 638 N.E.2d 1228, 1231 (Ind. 1994)). A corporation is a distinct legal entity from its shareholders and officers; accordingly, it is the corporate entity that retains responsibility even though it may act through its agents, officers, employees and shareholders. *Id*. at 803 (citing *Winkler,* 638 N.E.2d at 1231-32).

---

[2] Here, Defendants' motion for judgment on the pleadings attacks the sufficiency of the complaint, and thus is "subject to the same standard as a motion for dismissal for failure to state a claim." *G4S Justice Servs., Inc. v. Corr. Program Servs., Inc.,* 2009 WL 3200592, at *1 (S.D. Ind. Sept. 25, 2009) (quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989)).

Here, Plaintiff argues that because Unruh retained the "power or right to command the act and to direct or control the means, manner or method of performance" of the Plaintiff, Unruh is subject to liability as his employer. *Jackson Trucking Co. v. Interstate Motor Sys.*, 104 N.E.2d 575, 578 (Ind. Ct. App. 1954) (quoting *Uland v. Little*, 82 N.E.2d 536, 538 (Ind. Ct. App. 1948)) (emphasis omitted). However, Plaintiff's theory does not properly take into account the rules of agency; even though Unruh may have been able to personally direct or control Plaintiff's performance, he did so as an agent of W-Transfer and was not an independent employer subject to liability simply because of his position. Additionally, Plaintiff has alleged no injury caused by Unruh; rather, he merely requests that Unruh be held jointly and severally liable. Relief may only be accorded on the basis of a showing of injury; here, no such injury has been alleged. For these reasons, we shall GRANT Defendant Unruh's motion and DISMISS WITH PREJUDICE the claims against him as to Count I.

With regard to Count I claims against "Unknown Defendants," similar defects appear in Plaintiff's complaint as those discussed above. Unascertained persons, by their very nature, cannot be proven to have identifiable qualities without first resolving the question of identity. Here, the fatal defect is the impossibility of proving the Unknown Defendants as Plaintiff's employer without identifying these defendants. As such, Plaintiff's claims are futile under the Wage Payment Statute and must be disregarded. Further, Plaintiff does not allege that these Unknown Defendants actually injured him; it is alleged only that they employed him. As previously stated, relief may not be accorded

without injury. Thus, we shall GRANT the Defendants' motion and DISMISS WITH PREJUDICE the claims against Unknown Defendants as to Count I.

### III. Claim for Criminal Conversion

Under Indiana Law, a person commits criminal conversion when he "knowingly or intentionally exerts unauthorized control over the property of another...." IND. CODE § 35-43-4-3(a). Money may only serve as the basis for a conversion claim when it qualifies as a "special chattel," wherein it must be a "a determinant sum with which the defendant was entrusted to apply to a certain purpose." *Tobin v. Ruman*, 819 N.E.2d 78, 89 (Ind. Ct. App. 2004) (quoting *Huff v. Biomet*, 654 N.E.2d 830, 836 (Ind. Ct. App. 1995)). It is well established that refusal to pay a debt will not support a conversion claim. *Newland Resources, LLC v. Branham Corp.*, 918 N.E.2d 763, 776 (Ind. Ct. App. 2009) (quoting *Huff*, 654 N.E.2d at 836).

In the instant case, Plaintiff alleges that the wages and fringe benefits that Defendants failed to pay him constitute a special chattel, as defined in *Huff*, that will support a claim of conversion under Indiana Code § 35-43-4-3. 654 N.E.2d at 836. Plaintiff argues that State agencies pay funds to contractors with the specific purpose of paying workers, and that, by withholding portions of these funds instead of paying Plaintiff, Defendants are liable for conversion. Under his theory, the State's disbursement of these specifically purposed funds to Defendants satisfies the "entrustment" element. Further Plaintiff maintains that the "determinable sum" requirement is satisfied because the exact amount that the Plaintiff is owed can be calculated based on the rate of wages as determined by Committee or DOL and the number of hours Plaintiff worked. Plaintiff's

theory is at least original, but unfortunately for him has little support in precedent. The case law is clear that a plaintiff must allege sufficient facts to "allow the Court to draw the reasonable inference that the *Plaintiff*[] entrusted determinable sums of money to the Defendants to apply for a certain purpose." *Puma*, 2009 WL 5068629 at *4 (emphasis added). In order to satisfy the "entrustment" element, the money at issue must be the plaintiff's own, whereas here, the funds of a third party, namely, the State's, are those being entrusted to reimburse contractors for wages to be paid to their employees. *Compare Roake,* 528 N.E.2d at 791 (finding conversion where an employer allowed a health care insurance policy to lapse while continuing to accept checks to pay for it from an employee), *with Tobin*, 819 N.E.2d at 89 (holding that failure of an employer to pay employee retained earnings is at most failure to pay a debt). As to the "determinant sum" element, State funds for public works projects are not earmarked for payment of each employee, but are part of a larger heterogenous pool that can be held until the contractor pays his debts. *See* IND. CODE §§ 5-16-5-1, 36-1-12-12(a) (stating that government shall withhold final payment to the contractor until it has paid his employees and workmen).[3] Because these funds are co-mingled they cannot be considered a determinant sum, thereby precluding the classification of money as a special chattel under these facts. *See Stevens v. Butler*, 639 N.E.2d 662, 666-67 (Ind. Ct. App. 1994) (citing *Kopis v. Savage*, 498 N.E.2d 1266, 1270 (Ind. Ct. App. 1986)) ("[C]omingled funds...cease[] to be a separate, specifically identifiable chattel...."). For these reasons, any amendment to the

---

[3]Both provisions have been amended by 2012 Ind. Acts 1053 (effective July 1, 2012).

complaint would be futile.  Thus we shall GRANT Defendants' motion and DISMISS WITH PREJUDICE Count II.

## IV. Conclusion

For the reasons described above, we GRANT Defendants' motion for judgment on the pleadings. Count I is DISMISSED WITH PREJUDICE as to Unruh and the Unknown Defendants and DISMISSED WITHOUT PREJUDICE as to Ace and MAC. Count II is DISMISSED WITH PREJUDICE as to all Defendants. Plaintiff is granted thirty (30) days from the date of this entry to file an amended complaint that addresses the pleading deficiencies described herein, if it so chooses to reassert Count I claims against Ace and MAC.  Failure to file an amended complaint within the specified period of time will likely result in a dismissal with prejudice of Count I as to all Defendants, except W-Transfer.

IT IS SO ORDERED.

Date:  _____06/22/2012_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

George D. Adams
FISHER & PHILLIPS LLP
gadams@laborlawyers.com

Elijah D. Baccus
ALLOTTA FARLEY WICHMAN CO. LPA
ebaccus@afwlaw.com

Marilyn Lee Widman
ALLOTTA FARLEY & WIDMAN CO., LPA
mwidman@afwlaw.com